FILED C/M
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 1 0 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERNEST KING,

                Plaintiff,

-against-

JOSEPH PONTE, WARDEN B. SCOTT,
CAPTAIN TENNILLE PITTS, #*513*, CAPTAIN
BARLETT, SERGEANT ABRAHAM, C.O.
ALEGE, #*10559*, C.O. CUCUMBER, OFFICER
HALL,

                Defendants.
------------------------------------------------------------X

REPORT & RECOMMENDATION
17 CV 270 (BMC)(LB)

**SEE ENDORSED ORDER LAST PAGE**

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging that various Corrections Officers violated his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff commenced this action by filing a *pro se* complaint on January 4, 2017 in the United States District Court for the Southern District of New York. (ECF No. 2.) Plaintiff's case was transferred to the Eastern District of New York on January 9, 2017. Plaintiff filed an application to proceed *in forma pauperis*, (ECF Nos. 1), and a motion requesting pro bono counsel (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* was granted on January 30, 2017, and the Court directed the United States Marshals Service to serve defendants. Plaintiff's motion for pro bono counsel was denied without prejudice on January 27, 2017. On February 9, 2017, the copy of my January 27, 2017 Order previously mailed to plaintiff was returned to the Court as undeliverable. On February 14, 2017, the Court ordered the Office of Corporation Counsel to provide plaintiff's last known address, which they did on February 21, 2017.

On February 24, 2017, the Court directed plaintiff "to write the Court to provide his current address by March 31, 2017." (EC No. 16.) The Court's Order warned plaintiff that if he failed to provide a current address by that date, I would recommend that this action should be dismissed. A copy of the Order was mailed to plaintiff at his last known address. On March 17, 2017, a copy of my February 24, 2017 Order was returned as undeliverable with a notation stating "Attempted – Not Known. Unable to Forward." (ECF No. 25.) Plaintiff has not contacted the Court since commencing this action on January 4, 2017.

## DISCUSSION

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") All plaintiffs, whether represented or proceeding *pro se*, are "obligated to notify the court when [they] change addresses." Canario-Duran v. Borecky, No. 10-CV-1736, 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)). "[T]he demand that a plaintiff provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11 Civ. 7329, 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citations omitted).

Indeed, because litigation "cannot proceed without a current address for the plaintiff," courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss without prejudice for failure to prosecute. Pratt v. Behari, No. 11 Civ. 6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (involving a plaintiff released from custody); see also Dong v. United States, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y.

2

Mar. 2, 2004) (dismissing a *pro se* litigant's case because the litigant failed to inform the Court of his current address, causing the Court to lose contact with him). "However, because dismissal with prejudice is a harsh remedy to be utilized only in extreme situations, dismissal of the complaint should be *without prejudice*." Torres v. Yonkers Police Dept., No. 11 Civ. 1819, 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) (*emphasis added*).

Plaintiff has not contacted the Court since filing this *pro se* action on January 4, 2017, and he failed to respond to the Court's Order to provide the Court with his current address by March 31, 2017. The Court has no other contact information for plaintiff. Plaintiff has made no effort to prosecute this case and has apparently abandoned the action. It would be futile to allow the case to continue. I therefore recommend that plaintiff's action should be dismissed without prejudice.[1] See Coleman v. Doe, No. 05-CV-5849 (JG), 2006 WL 2357846, at *1 (E.D.N.Y. August 14, 2006) (dismissing plaintiff's complaint without prejudice under 41(b) for failure to prosecute where *pro se* plaintiff failed to notify the Court of a change in address).

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(b) for plaintiff's failure to prosecute.

---

[1] The Court notes that under LeSane, "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209. The District Court need only provide an explanation for the dismissal rather than discuss all of the LeSane factors. See Edwards, 2012 WL 3597663, at *2 (citing Torres, 2011 WL 2555854, at *2) ("While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, see id.; Lucas v. Miles, 84F.3d 532, 535 (2d Cir. 1996)"). Plaintiff has not contacted the Court since filing this action in January 2017. Furthermore, my Order explicitly warned plaintiff that if he failed to contact the Court, I would recommend dismissal. Any lesser sanction would be futile as plaintiff has apparently abandoned the case.

3

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
_____
LOIS BLOOM
United States Magistrate Judge

Dated: April 10, 2017
Brooklyn, New York

No objections have been received. The Court has reviewed this Report and Recommendation and for the reasons stated, adopts it as the Order of this Court. The case is dismissed.
SO ORDERED: 5/4/17

_____
U.S.D.J.